[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence January 13, 1995 Date of Application January 13, 1995 Date Application Filed January 13, 1995 Date of Decision June 27, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket No. CR93-85330.
David M. Abbamonte, Esq., Assistant Public Defender for Petitioner.
Stephen Sedensky, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner was found guilty after a jury trial of two counts of attempted assault in the 2nd degree in violation of C.G.S. § 53a-60(a)(1) and two counts of attempted assault on a peace officer in violation of C.G.S. § 53a-167c(a)(1). His sentence was 4 years for each of the first two counts, concurrent with each other and 10 years suspended after 6 1/2 with five years probation. Total effective sentence was 10 years suspended after 6 1/2 years and five years probation with conditions.
These charges stemmed from a loud domestic dispute which escalated into a situation where the petitioner barricaded himself in a Bridgeport apartment where he fired several shots. Initially, police were summoned when the petitioner got into a dispute with CT Page 7950 Linda Roos who expressed fear because she felt she was going to get bullet in the back. While she was speaking with police the petitioner came down the stairs towards the front porch. The officer drew his weapon and placed himself between the complainant and petitioner, whereupon the petitioner went back up the stairs to his apartment and stood in the doorway. The officers, in uniform, went up the stairs and the petitioner slammed the door. As the police reached for the door knob, they observed the petitioner pull and snubnose revolver and point it at them. They took cover and a short while thereafter the complainant came up the stairs and starting yelling at the petitioner, placing herself between him the officers. She was removed from the area and the police reported hearing gun shots coming from inside the apartment. Other occupants of the building were moved to safety and still more shots were heard from inside the apartment. Petitioner was spotted coming to the front door and side windows wearing camouflage clothing. The windows were opened by petitioner and police could see him point the snubnose out the window on several occasions. State Police hostage negotiators were called in and, although the petitioner threatened to kill anyone who came near him, negotiations eventually resulted in his surrender.
Counsel for the petitioner argues that his client had a history of mental problems and that he was able to function satisfactorily so long as he took his medications. The problems arise when he refuses his medication and begins to consume alcohol, as he claims he did on the day in question. Counsel also points out that the sentencing court mentioned when the petitioner was likely to get out of prison under this sentence, but that his client is still incarcerated after the passage of those dates. We are urged to reduce the sentence to time served.
The attorney for the state asks us to note that the mental health defenses were specifically presented at trial but were rejected by the jury. At sentencing, the court noted the petitioner had received two breaks: one from the police who might easily have killed him during the exchange of shots, and the second from the court who felt he should not be punished for his mental problems. The incident involved not one but two separate assaults over the course of a six hour standoff involving numerous law enforcement official from the City of Bridgeport and the Connecticut State Police. The state asks that we examine the petitioner's prior history of violence and suggests that considerably more time was warranted under the circumstances. CT Page 7951
Speaking for himself, the petitioner claims he comes from a family with a strong law enforcement background and that he did not intend to injure anyone. He further claims he fired shots into the air while in the apartment so as not to cause injury to anyone. He admits he did a "stupid thing" and that he would like to become a model citizen. He asks that the division consider what is best for him in the final analysis.
First, we note that the remarks of the sentencing judge with respect to how much time actually will be served in connection with a given sentence is mere speculation and does not constitute the sentence per se. We are constrained to review only the actual sentence meted out in our consideration of whether or not it was excessive or disproportionate. The sentencing judge is an experienced trial judge whose comments at sentencing clearly addressed the issues set forth in P.B. § 942, and his words regarding anticipated release dates cannot be construed to amount to fixed times or policies, matters which are within the exclusive province of the commissioner of correction.
Second, the division is struck by the enormous risks the incident presented to numerous persons, including the police, civilians and the petitioner. Shots were exchanged and it is only by virtue of sheer luck that no serious injuries were sustained. The sentencing court took into account the seriousness of the offenses the circumstances surrounding the petitioner's mental history, and, in particular, the need for future monitoring by probation officials in order to avoid a similar incident.
We find that the sentence imposed was proportionate and appropriate and it is hereby affirmed.
STANLEY, J.
PURTILL, J.
NORKO, J.
Stanley, J., Purtill, J., and Norko, J. participated in this decision.